# EXHIBIT A

6/12/2019 9:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34301466
By: Nelson Cuero
Filed: 6/12/2019 9:20 AM

CAUSE NO. _____

| | | |
|---|---|---|
| GREGORY B. LEE CHEE AND TANYA LEE CHEE, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § § | |
| V. | § § § | HARRIS COUNTY, TEXAS |
| AMICA MUTUAL INSURANCE COMPANY AND BRIAN WAYNE BETTIN, | § § § § | |
| *Defendants.* | § | \_\_\_\_\_ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gregory B. Lee Chee and Tanya Lee Chee, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Amica Mutual Insurance Company ("Amica") and Brian Wayne Bettin ("Bettin") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiffs, Gregory B. Lee Chee and Tanya Lee Chee, reside in Harris County, Texas.

3. Defendant, Amica Mutual Insurance Company, is a Rhode Island insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Amica Mutual Insurance Company through its registered agent for service: **c/o Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land Texas 77479-1465**. Plaintiffs requests service at this time.

4. Defendant Brian Wayne Bettin is an individual resident of Katy, Texas. Bettin may be served with citation at the address listed with the Texas Department of Insurance: **2010 Commercial Center Boulevard, Suite 103 227, Katy Texas 77494**. Plaintiffs request service at this time.

## JURISDICTION

5. The Court has jurisdiction over Amica because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Amica's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Brian Wayne Bettin because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiffs own an Amica homeowner's insurance policy, number 68034227WB ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 20118

Kindle Oaks Drive Katy, Texas 77450 ("the Property").

10. Amica or its agent sold the Policy, insuring the Property, to Plaintiffs. Amica or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' Property. Amica has refused the full extent of that coverage currently owed to Plaintiffs.

11. On or about January 11, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Katy/ Harris County, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Amica against the Policy for damage to the Property. Amica assigned claim number 60003258306 to Plaintiffs' claim.

13. Plaintiffs asked Amica to cover the cost of damage to the Property pursuant to the Policy.

14. Amica hired or assigned its agent, Bettin to inspect and adjust the claim. Bettin conducted an inspection on or about August 3, 2018. Bettin's findings were that the claim was not covered due to wear and tear, but he did allow for interior damage. Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

15. Amica and Bettin, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. Amica and Bettin have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional interior damage. The third-party inspector hired to review the damage to the Property found damage to the S tile roofing squares, window screens, fence, gutters, and downspouts.

17. The damage to Plaintiffs' Property is currently estimated at $79,357.06.

18. Bettin had a vested interest in undervaluing the claims assigned to him by Amica in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of on the part of Bettin.

19. Furthermore, Bettin was aware of Plaintiffs $6,820.00 policy deductible prior to inspecting the Property. Bettin had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20. Bettin misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Bettin made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21. After reviewing Plaintiffs' Policy, Bettin misrepresented that the damage was caused by non-covered perils. Bettin used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

22. As stated above, Amica and Bettin improperly and unreasonably adjusted Plaintiffs' claim. Without limitation, Amica and Bettin misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

23. Amica and Bettin made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Amica and Bettin made these false representations with the intent that Plaintiffs act in accordance with the

misrepresentations regarding the grossly deficient damage and repair estimates prepared by Bettin.

24. Plaintiffs relied on Amica and Bettin's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiffs' damages are the result of Plaintiffs reliance on these misrepresentations.

25. Upon receipt of the inspection and estimate reports from Bettin, Amica failed to assess the claim thoroughly. Based upon Bettin's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Amica failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26. Because Amica and Bettin failed to provide coverage for Plaintiffs insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

27. Furthermore, Amica and Bettin failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Bettin performed an unreasonable and substandard inspection that allowed Amica to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

28. Amica and Bettin's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

29. Amica and Bettin's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Amica and Bettin have failed to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Amica and Bettin have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs' coverage due under the Policy.

30. Amica and Bettin's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Amica and Bettin failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

31. Additionally, after Amica received statutory demand on or about April 1, 2019, Amica has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

32. Amica and Bettin's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Bettin performed a biased and intentionally substandard inspection designed to allow Amica to refuse to provide full coverage to Plaintiff under the Policy.

33. Specifically, Amica and Bettin's performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34. Amica's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

Claims. TEX. INS. CODE §542.055. Due to Bettin's subpar inspection, Amica failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

35. Amica's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Bettin's intentional undervaluation of Plaintiffs' claims, Amica failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Bettin's understatement of the damage to the Property caused Amica to delay full payment of Plaintiffs claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs claim.

36. Amica and Bettin's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT AMICA MUTUAL INSURANCE COMPANY

37. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

38. Amica is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Amica and Plaintiff.

39. Amica's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. Amica's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. Amica's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42. Amica's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43. Amica's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44. Amica's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs' constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45. Amica's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46. Amica's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

47. Amica's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

48. Amica's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Amica's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

50. Amica's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Amica knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

51. Amica's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Amica pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Amica. Specifically, Amica's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Amica has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Amica's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B. Amica represented to Plaintiffs that the Policy and Amica's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

   C. Amica also represented to Plaintiffs that the Policy and Amica's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D. Furthermore, Amica advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Amica breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Amica's actions are unconscionable in that Amica took advantage of Plaintiffs lack of knowledge, ability, and experience to a grossly unfair degree. Amica's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G. Amica's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

52. Each of the above-described acts, omissions, and failures of Amica is a producing cause of Plaintiffs' damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT BRIAN WAYNE BETTIN

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

53. All allegations above are incorporated herein.

54. Bettin's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

55. Bettin is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Amica, because Bettin is a "person," as defined by TEX. INS. CODE §541.002(2).

56. Bettin knowingly underestimated the amount of damage to the Property. As such, Amica failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

57. Furthermore, Bettin did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

58. Bettin's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

59. Bettin's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

60. All allegations above are incorporated herein.

61. Bettin's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are a consumer of goods and services provided by Bettin pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Bettin. Specifically, Bettin's violations of the DTPA include the following matters:

   A. By this Defendant's acts, omissions, failures, and conduct, Bettin has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Bettin's violations include, (1)

    failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B.   Bettin represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

   C.   represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D.   Bettin's actions are unconscionable in that Bettin took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Bettin's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

   E.   Bettin's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

62.   Each of Bettin's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Bettin, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

63. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

64. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

65. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above.

66. Plaintiffs currently estimate that actual damages to the Property under the Policy are $79,357.06.

67. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

68. For breach of contract, Plaintiffs are entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

69. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

70. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

71. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amounts owed, exemplary damages, and damages for emotional distress.

72. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

73. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

74. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

75. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

76. Plaintiffs hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiff, Gregory B. Lee Chee and Tanya Lee Chee pray that Defendants, Amica Mutual Insurance Company and Brian Wayne Bettin, be cited and served to appear, and that upon trial hereof, Plaintiffs, Gregory B. Lee Chee and Tanya Lee Chee, has and recovers from Defendants, Amica Mutual Insurance Company and Brian Wayne Bettin, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*
Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF